Robert E. Trop – SBN 027856
**Law Office | Robert Evan Trop PLLC**
2942 N. 24th Street, Suite 114
Phoenix, Arizona 85016
Tel.:   (602) 424-5725
Fax: (800) 741-2209
robert@troplaw.net
Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Deandra N. Grigsby,<br><br>                Plaintiff,<br><br>v.<br><br>Wells Fargo Bank, N.A.,<br><br>                Defendant. | No.<br><br>**COMPLAINT** |

For her complaint against Defendant, Deandra N. Grigsby, by and through her attorney, Law Office of Robert Evan Trop PLLC, alleges as follows:

## INTRODUCTION

1.     This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 for employment discrimination on the basis of a hostile work environment on the basis of sex and race, that affected the terms, conditions or privileges of her employment. Plaintiff also brings a claim for

- 1 -

Defendant's retaliation against her for opposing the conduct that was in violation of Title VII. Plaintiff seeks back pay, front pay, and compensatory damages for humiliation, damages to her reputation, inconvenience, mental anguish, and loss of enjoyment of life. She also seeks punitive damages for the wanton and intentional violation of her rights by Defendant.

## JURISDICTION

2.     Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1343, and 42 U.S.C. §§ 2000e-5(f)(1), 12117. This action is authorized and instituted pursuant to Sections 706 of Title VII of the Civil Rights Act of 1964 as amended [42 U.S.C. § 2000e *et seq.*]; and Section 102 of the Civil Rights Act of 1991 [42 U.S.C. §§ 1981, 1981a].

## ADMINISTRATIVE PROCEDURE

3.     All conditions precedent to the filing of this action have been met by Plaintiff in that she has filed a timely complaint with the Equal Employment Opportunity Commission ("EEOC"), and has filed this action with 90 days of receiving a Right-to-Sue Letter from the EEOC.

4.     The Court has jurisdiction over the Defendant because the alleged incidents occurred within the district of this Court.

///

///

///

Law Office **|** Robert Evan Trop PLLC
2942 N. 24TH STREET, SUITE 114
PHOENIX, ARIZONA 85016
www.troplaw.net

Law Office | Robert Evan Trop PLLC
2942 N. 24TH STREET, SUITE 114
PHOENIX, ARIZONA 85016
www.troplaw.net

**VENUE**

5.     Venue is proper in the District of Arizona pursuant to 28 U.S.C. § 1391(b).  The unlawful employment practices alleged herein were committed within the jurisdiction of this District Court.

**PARTIES**

6.      Plaintiff is a citizen of the United States and Arizona. At all times material herein, Plaintiff has resided in the jurisdictional district of the Court.

7.      Defendant is a national banking institution under the banking laws of the United States, and maintains operations and branches in Maricopa County, State of Arizona, and is an employer within the meaning of 42 U.S.C. § 2000e(b).

**FACTS**

8.     Plaintiff commenced her employment as a teller on March 10, 2014.

9.     Plaintiff is a female of African-American descent.

10.     Commencing on June 3, 2014, and continuing on multiple occasions to at least August 19, 2014, Oscar Lopez ("Lopez"), the Branch Manager, conspicuously stared at Plaintiff's breasts, making her feel very uncomfortable.

11.     Commencing on June 3, 2014, and continuing on multiple occasions to at least August 12, 2014, Lopez groped and grabbed Plaintiff's buttocks.

Law Office | Robert Evan Trop PLLC
2942 N. 24TH STREET, SUITE 114
PHOENIX, ARIZONA 85016
www.troplaw.net

12.	Commencing July 25, 2014, and continuing on multiple occasions to at least August 19, 2014, Lopez would ask Plaintiff to feel his abdominal muscles and his biceps/tricep muscles.

13.	When Plaintiff refused to touch Lopez's muscles, he would grab Plaintiff's hand and place them on the muscles.

14.	During the aforementioned time periods, Lopez would show pictures of himself with no shirt on to the Plaintiff, and would ask Plaintiff if he looked 'sexy.'

15.	Lopez was a superior of Plaintiff, and she was required to obey his directives.

16.	Plaintiff was fearful of complaining to Lopez or about him regarding his unlawful behavior because he was the Branch Manager, and because Plaintiff was aware that he had a history of physically threatening others.

17.	Plaintiff, however, did file a complaint with Human Resources ("HR") on or about September 8, 2014, regarding Lopez.

18.	Commencing June 3, 2014, and continuing on multiple occasions for a period of time, the Service Manager, Jeffrey Rubendall ("Rubendall"), would refer to Plaintiff as "you people," which Plaintiff and others objectively and reasonably understood that to mean people of African-American descent.

19.	Rubendall said to Plaintiff on multiple occasions: "You are my nigga."

- 4 -

Case 2:16-cv-04258-SPL   Document 1   Filed 12/06/16   Page 5 of 16

Law Office | Robert Evan Trop PLLC
2942 N. 24TH STREET, SUITE 114
PHOENIX, ARIZONA 85016
www.troplaw.net

20.    Rubendall also referred to Plaintiff on multiple occasions using the terms "bitch" and "fucking bitch."

21.    When Rubendall made the above-referenced statements in paragraphs 17, 18 and 19 on many occasions, he was fully aware that the terms were highly offensive to Plaintiff.

22.    Rubendall was a superior of Plaintiff, and she was required to obey his directives.

23.    Plaintiff was fearful of complaining to Rubendall or about him to anyone else regarding his offensive racial speech.

24.    Plantiff, however, did file a complaint with HR on or about August 22, 2014.

25.    Rubendall knew that the statements in paragraph 17, 18, and 19 were highly offensive to Plaintiff, but he nonetheless continued to repeat them.

26.    On August 28, 2014, Plaintiff complained directly to Rubendall about his racially offensive speech.

27.    When Plaintiff complained to him, he began to make his hands into fists and pound them on the conference room table.

28.    Rubendall began to taunt the Plaintiff during the occurrence described on August 28, 2014.

29.    Plaintiff said she was not going to argue with him, and that she was going to go home.

- 5 -

Law Office | Robert Evan Trop PLLC
2942 N. 24TH STREET, SUITE 114
PHOENIX, ARIZONA 85016
www.troplaw.net

30.    When Plaintiff indicated she was leaving, Rubendall stated in sum and substance: "That is fine, I will just have to call Oscar and get more consequences put on you."

31.    After the actions that occurred by Rubendall on August 28, 2014, Plaintiff complained about them to Lopez, and asked to be transferred to another branch.

32.    When Plaintiff asked to be transferred to another branch, Lopez advised her that she "had a decision to make," adding that she had to decide "if she wanted to work for Wells Fargo or not."

33.    In approximately May or June of 2014, on multiple occasions, Rubendall began to ask Plaintiff intimate questions regarding her relationship with her boyfriend, namely, asking questions about her boyfriend's penis size.

34.    During May or June of 2014, on multiple occasions, Rubendall would tell Plaintiff about the size of his penis.

35.    During May or June of 2014, on multiple occasions Rubendall told Plaintiff about an occasion when he was given oral sex by a female.

36.    From June to August 2014, on multiple occasions, Rubendall would make remarks to Plaintiff about a certain customer with large breasts who would come into the branch, consisting of the following statements: "I wonder if they are real or not"; I would love to put my head in between those"; and "her boobs are huge."

- 6 -

37.     From July to August 2014, on multiple occasions, Rubendall and Lopez made offensive sexually explicit comments to Plaintiff about another co-worker's (Trey McCoy) penis.

38.     In May of 2014, a personal banker by the name of Sadie Kelly ("Kelly") began working at the branch.

39.     Kelly wore shirts that would tend to rise up higher as she walked.

40.     Rubendall would make remarks in front of Plaintiff, on multiple occasions, regarding Kelly in sum and substance: "One of these days her ass is going to show and I can't wait to see it" and "you can see Sadie's ass when she walks—I like it."

41.     From May 2014 to August 2014, on multiple occasions, Lopez would make remarks about another co-worker's breast milk in front of Plaintiff.

42.     Because of the incidents described above, Plaintiff asked Lopez for a transfer to another branch.

43.     Lopez's response was that because Plaintiff was working at Defendant for less than one year, she was allegedly ineligible for a transfer.

44.     Yet Lopez in fact had transferred other employees who worked at the branch for less than one year.

45.     On September 6, 2014, Plaintiff was called into a meeting with Lopez and Rubendall.

- 7 -

Law Office | Robert Evan Trop PLLC
2942 N. 24TH STREET, SUITE 114
PHOENIX, ARIZONA 85016
www.troplaw.net

46. At this meeting, Lopez delivered to Plaintiff a 'final notice' for alleged workplace violations, and Plaintiff was forced to sign the notice under duress and with the threat that if she did not, she would be terminated.

47. The 'final notice' was without a valid basis and was given to Plaintiff without regard to Defendant's policies and procedures for doing so.

48. During the occasions when the above-referenced instances took place, Plaintiff made multiple applications and requests to be promoted to open "Banker" positions, all of which were ignored by Lopez and Rubendall.

49. On September 19, 2014, Lopez again groped and grabbed Plaintiff's buttocks.

50. As a result of the incident on September 19, 2014, Plaintiff called her District Manager, Erin Cisler ("Cisler").

51. On September 19, 2014, Plaintiff also called the Sheriff's Department to report the sexual assault.

52. When Plaintiff called about the incident with Lopez on September 19, 2014, Cisler replied that because Plaintiff already complained to HR, there was nothing more than she could do.

53. Plaintiff again applied for a "Banker" position after the above-described September 2014 incidents, and Plaintiff was ignored once again regarding selection for the Banker position.

Law Office | Robert Evan Trop PLLC
2942 N. 24TH STREET, SUITE 114
PHOENIX, ARIZONA 85016
www.troplaw.net

54.   Cisler, however, called Plaintiff back on September 19, 2014, and advised that Plaintiff was being transferred to the branch in Queen Creek.

55.   Based upon a history that Plaintiff was aware of, the branch in Queen Creek was one where employees were transferred when there was a plan to terminate their employment.

56.   Plaintiff then complained to employee relations consultant Michelle Wilkie ("Wilkie) that transfer to that branch was believed to be a form of retaliation, and then Plaintiff wanted to be transferred to another branch outside of Cisler's responsibility.

57.   Plaintiff subsequently informed that she would be temporarily transferred to a branch in Florence, Arizona.

58.   When Plaintiff reported for work at the branch in Florence, Cisler held a meeting at the branch with Lopez, notwithstanding that Lopez was not supposed to be present where Plaintiff worked.

59.   Plaintiff began to experience a panic attack at seeing Lopez when he came to the branch in Florence.

60.   On October 28, 2014, Plaintiff received a phone call from Wilkie, who advised that in the opinion of Defendant, there was no merit whatsoever to any of Plaintiff's internal complaints filed with HR.

61.   Plaintiff then voluntarily resigned her position with Defendant due to its failure to address her complaints against Rubendall and Lopez, and the acts of

Law Office | Robert Evan Trop PLLC
2942 N. 24TH STREET, SUITE 114
PHOENIX, ARIZONA 85016
www.troplaw.net

retaliation that she suffered for filing a complaint with HR to oppose the discriminatory conduct that she was subject to.

62.    Plaintiff was effectively constructively terminated due to the hostile work environment she was subjected to, which was not properly addressed by Defendant.

63.    The Defendant failed to properly engage in the interactive process.

64.     The actions of Defendant's supervisors and other employees were done intentionally.

65.    The actions of Defendant's supervisors and employees were done with malice and/or reckless indifference to the federally protected rights of Plaintiff.

## CLAIMS

### Count I

### *Civil Rights Act of 1964 & 1991*

### *(Hostile Work Environment—Sexual Harassment)*

66.    The conduct described is unlawful because 42 U.S.C. § 2000e(a) provides in part that it shall be an unlawful employment practice for an employer to discriminate against any individual with respect to the compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

67.    The harassment of Plaintiff by her supervisors was unwelcome, and Plaintiff at all times advised her supervisors who committed such sexual

Law Office | Robert Evan Trop PLLC
2942 N. 24TH STREET, SUITE 114
PHOENIX, ARIZONA 85016
www.troplaw.net

harassment that this conduct was unwelcome, as well as the employees who were charged with investigating the matters.

68.    The harassment of Plaintiff by her supervisors was of a sexual nature.

69.    The harassment of Plaintiff by her supervisors was sufficiently pervasive and severe to create an abusive and hostile work environment for the Plaintiff.

70.    The conduct of Plaintiff's supervisors and the other employees who investigated the allegations were acting as agents of the Defendant in the scope of and during the course of their employment.

71.    Defendant was fully informed and had sufficient knowledge of the material facts and circumstances relevant to the conduct of its supervisors and its other employees who were supposed to investigate the allegations.

72.    The Defendant failed to prevent further acts of verbal and physical sexual misconduct that constituted sexual harassment, after those times they were reported by Plaintiff.

73.    Due to Defendant's acquiescence in the aforementioned conduct, it therefore tacitly approved and ratified the actions of its supervisors and is therefore liable for the actions of its supervisors and its other employees who were supposed to investigate the allegations.

74.    The conduct of Defendant's supervisors and other employees constitutes sexual harassment in violation of the Plaintiff's rights under Title VII of the Civil

Law Office | Robert Evan Trop PLLC
2942 N. 24TH STREET, SUITE 114
PHOENIX, ARIZONA 85016
www.troplaw.net

Rights Act of 1964 and the Civil Rights Act of 1991 in that the conduct that transpired unabated created a hostile work environment.

75.    The actions of Defendant's supervisors and other employees were intentional and demonstrated a willful, wanton and/or reckless indifference to the rights of the Plaintiff such that punitive damages should be assessed against the Defendant.

76.    As a direct and proximate result of the unlawful hostile work environment based upon sex that affected Plaintiff's compensation, terms, conditions, and privileges of employment, Plaintiff suffered and endured humiliation, damage to her reputation, inconvenience, mental anguish, loss of enjoyment of life, and loss of income/benefits.

## Count II

### Civil Rights Act of 1964 & 1991

### (Hostile Work Environment—Race)

77.    Plaintiff realleges and incorporates by reference all allegations set forth in each of the preceding paragraphs of the Complaint.

78.     The Plaintiff was a member of a protected class, namely, she is of African-American descent.

79.    The Plaintiff was subjected to racial harassment, based upon the highly offensive speech made to her, about her, or made in her presence.

- 12 -

Law Office | Robert Evan Trop PLLC
2942 N. 24TH STREET, SUITE 114
PHOENIX, ARIZONA 85016
www.troplaw.net

80.    The harassment unreasonably interfered with Plaintiff's work performance by creating an environment that was intimidating, hostile, or offensive.

81.    The conduct as alleged is sufficiently severe or pervasive to constitute a hostile work environment.

82.    The conduct engaged in by Plaintiff's supervisors took place while they were acting as agents of the Defendant in the scope of and during the course of their employment.

83.    Defendant was fully informed and had sufficient knowledge of the material facts and circumstances relevant to the conduct of its supervisors.

84.    The Defendant failed to prevent further acts of verbal racial harassment, after those times they were reported by Plaintiff.

85.    Due to Defendant's acquiescence in the aforementioned conduct, it therefore tacitly approved and ratified the actions of its supervisors and is therefore liable for the actions of its supervisors and its other employees who were supposed to investigate the allegations.

86.    The actions of Defendant's supervisors and other employees were intentional and demonstrated a willful, wanton and/or reckless indifference to the rights of the Plaintiff such that punitive damages should be assessed against the Defendant.

Law Office | Robert Evan Trop PLLC
2942 N. 24TH STREET, SUITE 114
PHOENIX, ARIZONA 85016
www.troplaw.net

87.    The conduct complained of by Defendant's supervisors and other employees constituted racial harassment in violation of the Plaintiff's rights under Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991 in that the unabated conduct that transpired created a hostile work environment.

88.    As a direct and proximate result of the unlawful hostile work environment based upon race that affected Plaintiff's compensation, terms, conditions, and privileges of employment, Plaintiff suffered and endured humiliation, damage to her reputation, inconvenience, mental anguish, loss of enjoyment of life, and loss of income/benefits.

## Count III

### *Civil Rights Act of 1964 & 1991*

### *(Retaliation)*

89.    Plaintiff realleges and incorporates by reference all allegations set forth in each of the preceding paragraphs of the Complaint.

90.    Defendant intentionally retaliated against Plaintiff, in violation of Title VII, because Plaintiff opposed unlawful discrimination by filing a complaint/grievance with Defendant for conduct that Plaintiff reasonably believed was discriminatory.

91.    As a direct and proximate result of the retaliation by Defendant, Plaintiff suffered and endured humiliation, damage to her reputation, inconvenience, mental anguish, loss of enjoyment of life, and loss of income/benefits.

Law Office | Robert Evan Trop PLLC
2942 N. 24TH STREET, SUITE 114
PHOENIX, ARIZONA 85016
www.troplaw.net

## JURY DEMAND

92. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury as to all issues so triable.

**WHEREFORE,** Plaintiff respectfully requests the Court to:

A.    Declare that Plaintiff has suffered acts of sexual harassment as a result of Defendant's conduct based upon Plaintiff's sex in violation of Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991;

B.    Declare that Plaintiff has suffered acts of racial harassment as a result of Defendant's conduct based upon Plaintiff's race in violation of Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991;

C.    Award Plaintiff compensation for front pay, back pay, and loss of fringe benefits, the exact amount to be determined at trial;

D.    Award Plaintiff compensatory damages for the humiliation, damages to her reputation, inconvenience, mental anguish, and loss of enjoyment of life, that she has experienced and endured as a result of the unlawful discriminatory actions of Defendant towards her, the exact amount to be determined at trial;

E.    Declare that Plaintiff suffered from reprisal as a result of opposing unlawful discrimination by filing a complaint/grievance with Defendant for conduct that Plaintiff reasonably believed was discriminatory;

**Law Office | Robert Evan Trop PLLC**
2942 N. 24TH STREET, SUITE 114
PHOENIX, ARIZONA 85016
www.troplaw.net

F.    Award Plaintiff compensatory damages for the acts of reprisal taken against her due to her filing a complaint/grievance against Defendant for unlawful employment discrimination in violation of Title VII;

G.    An award of reasonable attorney's fees;

H.    For the costs and disbursements to prosecute the action; and

I.    Such other and further relief as this Court may deem just and proper under the circumstances.

RESPECTFULLY SUBMITTED submitted this 6th day of December, 2016.

**Law Office | Robert Evan Trop PLLC**

By: s/ *Robert E. Trop*
       Robert E. Trop – SBN 027856
       Attorney for Plaintiff